| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

EMANUEL P. GRIFFITH, §
　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　　CIVIL ACTION NO. 1:17-CV-60
　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　§
　　　　Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner, Emanuel P. Griffith, an inmate formerly confined at the John B. Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## PROCEDURAL BACKGROUND

Petitioner contests his conviction for possession of a controlled substance, namely cocaine, in Cause Number 12-15371-0 in the 252nd District Court of Jefferson County on August 5, 2013. Petitioner pleaded not guilty and proceeded to trial by jury and was sentenced to a twenty year term of imprisonment after pleading "true" to two enhancement allegations. Petitioner appealed his conviction to the Ninth Court of Appeals which affirmed the conviction and sentence on August 31, 2015. *See Griffith v. State*, 09-13-00383-CR (docket entry no. 12-2 & 12-4). Petitioner filed a Petition for Discretionary Review which was refused on December 16, 2015. *Griffith v. State*, PD-1245-15 (docket entry no. 12-8). Petitioner then filed a state application for writ of habeas corpus on November 10, 2016. *Ex parte Griffith*, WR-85,207-03 (docket entry no.

---

[1] Petitioner appears to have been released from confinement as he notified the court of an address change which appears to be a residential address in Port Arthur, Texas (docket entry no. 14).

12-25). The Texas Court of Criminal Appeals denied the writ without written order on the findings of the trial court without a hearing (docket entry no. 12-24).[2] Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 7, 2017, the date he declares he placed the petition in the prison mailing system (docket entry no. 1).

## FACTUAL BACKGROUND

The following summary was taken from the opinion of the Ninth Court of Appeals:

On August 6, 2012, a detective with the Jefferson County Narcotics Task Force arranged a controlled buy of narcotics by a confidential informant from a residence located in Port Arthur, Texas. As the detective and his partner, a sergeant, watched from their vehicle, the confidential informant drove her vehicle to the residence and walked around to the back of the house. Shortly thereafter, the confidential informant emerged from the back of the residence, got into her vehicle, and drove to a predetermined location, where she met with the detective and the sergeant and handed them crack cocaine that she said she purchased from Griffith inside the residence

On August 2, 2012, the detective prepared and submitted an affidavit to obtain a warrant to search the residence and to arrest Griffith. Based on the affidavit, a magistrate judge issued a search and arrest warrant that afternoon.

On August 8, 2012, the detective, the sergeant, and other officers executed the warrant and located Griffith inside the residence. No one else was found in the home. During the search of the premises, the officers recovered approximately twenty grams of crack cocaine, a 9-millimeter semi-automatic pistol, a loaded .38 Special revolver, $1,219 in cash, weigh scales, and a duffle bag containing additional weigh scales and other items used in the manufacture of crack cocaine. Griffith was arrested and charged by indictment with possession of a controlled substance. He was subsequently convicted by a jury for the charged offense and sentenced to twenty years in prison.

---

[2] Petitioner's first writ was filed on June 6, 2016 and dismissed as non-compliant on June 22, 2016 (docket entry nos. 17 & 18). *Ex parte Griffith*, WR-85,207-01 Petitioner filed a second writ August 29, 2016 which was also dismissed as non-compliant on October 5, 2016 (docket entry nos. 19-23). *Ex parte Griffith*, WR-85,207-2.

*Griffith v. State*, No. 09-13-00383-CR (docket entry no. 12-4).

## THE PETITION

Petitioner asserts the following points of error:

1. The trial court denied his right to confront witnesses by not allowing cross-examination of the confidential informant;

2. He was denied his right to counsel at trial because trial counsel inadequately advised him, was insufficiently knowledgeable, failed to discover the informant's identity and failed to object to cross-examination questions during the preliminary hearing; and

3. The police conducted an unlawful search and seizure because the warrant was predicated on false statements from an officer.

*See* Original Petition (docket entry no. 1).

## THE RESPONSE

Respondent was ordered to show cause on April 11, 2017 (docket entry no. 3). Respondent filed a Response on July 25, 2017 along with the State Court Records (docket entry no. 11 & 12). Respondent argues petitioner's claims are either procedurally defaulted or lack merit. Despite ample time to do so, petitioner has yet to file a Reply.

## STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based

on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.* An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id.* at 409-411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id*.

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").

# ANALYSIS

**1.     Confrontation Claim & Fourth Amendment Claim (Claims 1 & 3)**

In petitioner's first and third claims, he asserts the trial court denied his right to confront a witness, specifically the confidential informant, and the warrant executed against him lacked probable cause as it was predicated on falsified statements. On state habeas review, the trial court found the claims procedurally "forfeited" and not cognizable on state habeas review as petitioner (1) failed to raise the claims on direct appeal (the "*Gardner* rule") and (2) failed to object at trial (the "contemporaneous objection rule"). Findings of Fact and Conclusions of Law, pgs. 6, 7-8 (docket entry no. 12-25).

The failure to raise an issue on direct appeal that is a record based claim is a procedurally defaulted claim under Texas law and is known as the *Gardner* rule. In *Ex parte Gardner*, the Texas Court of Criminal Appeals found that claims which should have been raised on direct appeal are procedurally defaulted. 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The record in the present case establishes that petitioner failed to raise the issues in claim 1 and claim 3 on direct appeal.

Second, petitioner's counsel failed to raise these issues through an objection before the trial court. Under Texas law, a party must make a timely request, objection, or motion to the trial court to preserve a claim for appellate review. *See* TEX. R. APP. P. 33.1; *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) ("in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context").

5

"[A federal habeas corpus court] will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 728 (1991); *Lee v. Kemna*, 534 U.S. 362, 375 (2002). To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). "A state procedural rule will not function as an adequate and independent state ground supporting the judgment if it is not 'strictly or regularly followed.'" *Smith v. Black*, 970 F.2d 1383, 1386 (5th Cir. 1992) (citations omitted).

The Fifth Circuit has held that the rule in *Gardner* is independent and adequate to bar federal habeas review where the petitioner failed to raise a constitutional issue on direct appeal. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005). It is also well-settled under Fifth Circuit precedent that the "Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999).

As these claims were rejected on an adequate and independent procedural ground and are procedurally defaulted, petitioner must show cause and prejudice for the procedural default before this court may consider the merit of these claims. Petitioner has made no attempt to argue cause and prejudice for the procedural default. As such, consideration of claims 1 and 3 are procedurally barred.

## 2. Ineffective Assistance of Counsel (Claim 2)

Petitioner next alleges his trial counsel was ineffective as he inadequately advised him, was insufficiently knowledgeable, failed to discover the informant's identity and failed to object to cross-examination questions during the preliminary hearing.

In order to establish an ineffective assistance of counsel claim, petitioner must prove counsel's performance was deficient, and the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*. To overcome the presumption that counsel provided reasonably effective assistance, petitioner must prove his attorney's performance was objectively unreasonable in light of the facts of petitioner's case, viewed as of the time of the attorney's conduct. *Id*. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must show a substantial likelihood that the result would have been different if counsel performed competently. *Richter*, 562 U.S. at 112. Mere allegations of prejudice are insufficient; a petitioner must affirmatively prove, by a preponderance of the evidence, that he was prejudiced due to counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In determining whether petitioner was prejudiced, the Court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if petitioner has a strong case for granting relief, that does not mean the court was unreasonable in denying relief. *Id*. at 102.

### A. Inadequate Advise/Insufficiently Knowledgeable/Failed to Discover Informant's Identity

To the extent petitioner alleges his trial counsel inadequately advised him, was insufficiently knowledgeable, an failed to discover the informant's identity, these claims are conclusory.[3] Petitioner does not specify how trial counsel specifically should have advised him, what his trial counsel should have known, or what more his trial counsel could have done to discover the identity of the confidential informant. In fact, petitioner offers nothing as to what his

---

3  Petitioner presented these claims on state habeas review in the same conclusory fashion and they were not addressed by the trial court in its Findings of Fact and Conclusions of Law.

8

trial's counsel advise or knowledge was. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (a statement of a legal conclusion, without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue). These claims are wholly conclusory and fail to state a claim for federal habeas relief.

### B. Failed to Object to Cross-Examination Questions During Preliminary Hearing

With respect to this claim, petitioner specifies that trial counsel should have objected to "[q]uestion's [sic] like, did he possess cocaine in his home, and had he sold cocaine." Memorandum in Support, pg. 2 (docket entry no. 2). Petitioner contends counsel should have objected to these questions under Texas Rules of Evidence 104(d) which states, "[b]y testifying outside the jury's hearing on a preliminary question, a defendant in a criminal case does not become subject to cross-examination on other issues in the case." Petitioner also argues [t]his line of questioning violated his privilege against self-incrimination, and his trial counsel was ineffective [when] he failed to object to question at the earlier hearing which elicited the confession." *Id*.

On direct appeal, the Ninth Court of Appeals addressed this claim:

> Griffith also argues that trial counsel was deficient by failing to object to certain questions asked by the State during its cross-examination of Griffith at a pretrial hearing on Griffith's motion to disclose the identity of the confidential informant. Specifically, Griffith argues that trial counsel should have objected when the prosecutor asked Griffith whether he was in possession of cocaine at the time the officers executed the search warrant. Griffith argues this line of questioning was not proper during the hearing because it was not relevant to the issue of whether the confidential

informant's identity should be disclosed and that trial counsel's failure to object caused defendant to judicially confess to the offense of possession of cocaine at the pretrial hearing, thereby limiting Griffith's defenses at trial.

Again, we note that Griffith did not file a motion for new trial. As a result, we do not know trial counsel's reasons for not objecting to the State's questions during the pretrial hearing. We do not know whether trial counsel reviewed Griffith's videotaped confession before the pretrial hearing and assessed its admissibility, and we do not know what information or advice trial counsel may have given to Griffith before that hearing. On this record, all we can discern is that for some undetermined reason, counsel did not object at the pretrial hearing, "and only further inquiry will provide the information necessary to make the proper determination whether he provided the effective assistance envisioned under the Sixth Amendment." *Thompson*, 9 S.W.3d at 814. We conclude, therefore, that Griffith has failed to overcome the strong presumption that counsel was motivated by sound trial strategy in declining to object to the State's questions at the pretrial hearing. *See id.* at 813-14.

Further, even assuming trial counsel's representation fell below an objective standard of reasonableness, Griffith has failed to demonstrate that he was prejudiced by trial counsel's failure to object. *See Strickland*, 466 U.S. at 694; *Garza*, 213 S.W.3d at 347. Excluding Griffith's testimony from the pretrial hearing regarding his possession of the cocaine, the evidence at trial – including Griffith's videotaped confession, the testimony from the detective and the sergeant that Griffith admitted during the videotaped interview that the cocaine found in Griffith's residence belonged to him, the forensic scientist's testimony that the substance found in Griffith's home constituted 20.10 grams of cocaine – amply support Griffith's conviction. We conclude that Griffith has failed to show that he was prejudiced by trial counsel's failure to object to the State's questions at the pretrial hearing. *See Lemons*, 426 S.W.3d at 274; *Perez*, 352 S.W.3d at 761-62; *Williams*, 837 S.W.2d at 763. We, therefore, overrule Griffith's contention that he received ineffective assistance of counsel on this ground. Because the record does not affirmatively demonstrate trial counsel's alleged ineffective assistance, we overrule Griffith's first issue.

*Griffith v. State*, No. 09-13-00383-CR (docket entry no. 12-4).

As the last reasoned opinion on the issue, this Court is tasked with reviewing the specific reasons given by the state court and deferring to those reasons if reasonable. *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018) (citing *Porter v. McCollum*, 558 U.S. 30, 39-44 (2009) (per

10

curiam)). As outlined by the Ninth Court of Appeals, the evidence of petitioner's guilt after excluding his testimony as the pretrial hearing was overwhelming. Even assuming counsel was somehow ineffective in not objecting to the line of questioning during the pretrial hearing, petitioner cannot show prejudice under *Strickland*. Petitioner has further failed to show the state court's denial of this claim is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). This claim is denied.

**ORDER**

The above-referenced petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be denied.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of petitioner, and the severity of the penalty may be considered in

making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues are subject to debate among jurists of reason or worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.  A Final Judgment will be entered separately.

SIGNED at Beaumont, Texas, this 10th day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE